**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL NO. 5:18-CV-190-KDB-DSC**

| | |
|---|---|
| **DANIEL ROBEY and PAMELA ROBEY,** | ) <br> ) <br> ) |
| **Plaintiffs,** | ) <br> ) |
| **v.** | ) <br> ) |
| **JPMORGAN CHASE BANK N.A.,** | ) <br> ) |
| **Defendant.** | ) |

**MEMORANDUM AND RECOMMENDATION AND ORDER**

**THIS MATTER** is before the Court on Defendant's "Renewed Motion to Dismiss" (document #93), "Memorandum in Support …" (document #94) and "Notice of Supplemental Authority …" (document #99). Plaintiffs have not responded to the Motion and the time for filing a response has expired.

On June 19, 2019, this Motion was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1).

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion to Dismiss be <u>granted</u> as discussed below.

**I. <u>FACTUAL BACKGROUND AND PROCEDURAL HISTORY</u>**

This action is similar to numerous others filed in this Court challenging an order of foreclosure entered in state court. The Court takes judicial notice of the public records referenced

1

in Plaintiffs' filings and attached to Defendant's Motion and brief.  The Watauga County Clerk of Superior Court entered an Order to Allow Foreclosure in the state proceeding. The foreclosure Order authorized the substitute trustee on the deed of trust to sell the property at a foreclosure sale. Plaintiffs did not appeal that order. The property was sold and deeded to a purchaser who is not a party to this action.

On March 19, 2018, Plaintiffs commenced this action in the United States District Court for the Southern District of Florida alleging claims against several Defendants including JP Morgan Chase.

Plaintiffs later dismissed the other Defendants and filed an Amended Complaint against JP Morgan Chase.  The Amended Complaint (document #68) contains twelve claims:

- Count I - Wrongful Foreclosure

- Count II - Fraud

- Count III – Violations of the Florida Unfair and Deceptive Trade Practices Act

- Count IV - Malicious Prosecution

- Count V - RICO

- Count VI - Conversion

- Count VII - Negligence

- Count VIII - Gross Negligence

- Count IX - Breach of the Implied Covenant of Good Faith and Fair Dealing

- Count X - Quite [sic] Title

- Count XI – Violations of the Real Estate Settlement Procedures Act and

- Count XII – Violations of the Fair Debt Collection Practices Act.

On September 24, 2018, Defendant filed a Motion to Dismiss for improper venue, lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Document #72.

In their response to the Motion to Dismiss, Plaintiffs stated that they were "drop[ping]" all counts "except i) Negligence; ii) Gross Negligence; iii) Fraud; iv) Wrongful Foreclosure; and v) Quite [sic] Title." Document 74 at 4.

On December 4, 2018, the District Court in Florida entered an Order transferring the case here. The Court <u>denied</u> the remainder of Defendant's Motion to Dismiss as moot. Document #79.

On February 5, 2019, Defendant filed its "Renewed Motion to Dismiss" (document #93).

## II. <u>DISCUSSION</u>

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." <u>Mylan Labs., Inc. v. Matkari</u>, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." <u>Id.</u> at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>

In <u>Iqbal</u>, the Supreme Court articulated a two-step process for determining whether a

3

complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Sons of Confederate Veterans v. City of Lexington, 722 F.3d 224, 228 (4th Cir. 2013) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Indeed, where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." Neitzke v. Williams, 490

4

U.S. at 328; see also Stratton v. Mecklenburg Cnty. Dept. of Soc. Servs., 521 Fed. Appx. 278, 293 (4th Cir. 2013)). The court must not "accept as true a legal conclusion couched as a factual allegation." Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir. 2014).

Plaintiffs' Amended Complaint is barred by the Rooker-Feldman doctrine which prohibits actions attacking state court judgments in federal court. This doctrine provides that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based upon losing party's claim that the state judgment itself violates the losers ... rights." Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994). See also District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Company, 263 U.S. 413, 416 (1923). Whether evaluated as an attack on the Foreclosure Order or the underlying foreclosure proceeding, the Rooker-Feldman doctrine bars Plaintiffs' action here.

Additionally, Plaintiffs' wrongful foreclosure, RICO, conversion, negligence, gross negligence, breach of the implied covenant of good faith and fair dealing, and quiet title claims are barred under the doctrine of collateral estoppel. Gray v. Federal National Mortgage Association, No. COA18-871, 2019 N.C. App. LEXIS 296 (N.C. Ct. App. Mar. 26, 2019).

For those reasons and the other reasons stated in Defendant's brief, the undersigned respectfully recommends that its Renewed Motion to Dismiss be granted.

## III. ORDER

**IT IS HEREBY ORDERED** that all further proceedings in this action, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

5

## IV. <u>RECOMMENDATION</u>

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant's "Renewed Motion to Dismiss" (document #93) be **GRANTED**.

## V. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the parties' counsel <u>and to the Honorable Kenneth D. Bell.</u>

**SO ORDERED AND RECOMMENDED.**

Signed: June 27, 2019

David S. Cayer
United States Magistrate Judge

6